**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:23-CV-00066-BJB**

JOHN THOMPSON,

Plaintiff,

v.

SECURA INSURANCE,
A MUTUAL COMPANY,

Defendant.

FILED
JAMES J. VILT JR,
CLERK
7/22/2024
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**RESPONSE TO SECURA INSURANCE DOC: 98 RESPONSE TO MOTION**

7-22-2024

Plaintiff John Thompson continues to move that this Court issue a preliminary injunction against Secura Insurance.

Secura Insurance, through their counsel Ms. Tucker, subpoenaed the personal bank records of The Late Travis A. Walters without providing notice to the estate of Mr. Walters. This action constitutes a violation of Rule 45 of the Federal Rules of Civil Procedure, which requires a copy of the subpoena to be served on each party before it is served on the person to whom it is directed. An oversight was made by me, John Thompson, in the NOTICE OF INTENT that Travis Walters was mentioned, but I, John Thompson, am not over his estate nor would be in control of his personal bank account.

Secura Insurance never notified the estate of Travis A. Walters that his personal bank records would be subpoenaed. Secura Insurance must notify the party that controls that bank account and they did not.

Again, I ask the court to strike Travis A. Walters' bank account from the records in this case and grant a preliminary injunction against Secura Insurance.

**Notable cases:**

**United States v. Tomison, 969 F. Supp. 587 (1997)**
- In this case, the court quashed a subpoena for third-party records because the third party was not properly served. The court stressed the importance of following procedural rules to protect the rights of third parties.

**Google Inc. v. American Blind & Wallpaper Factory, Inc.**
- Court: United States District Court for the Northern District of California
- Date: November 10, 2004
- Cite: 2004 WL 2746842

**Background:**
Google filed a lawsuit against American Blind & Wallpaper Factory, Inc. (ABWF) regarding trademark infringement and unfair competition claims. During the discovery process, ABWF

issued subpoenas to various third parties without providing prior notice to Google, contrary to the Federal Rules of Civil Procedure, which mandate that parties must notify all other parties before issuing a subpoena for documents.

**Court's Decision:**
The court found that ABWF's actions in obtaining records without notifying Google were improper and violated the Federal Rules of Civil Procedure. As a result, the court granted Google's request for a preliminary injunction. This injunction prevented ABWF from using any documents obtained through the improperly issued subpoenas and mandated that all such documents be returned or destroyed.

**Legal Basis:**
The court based its decision on Rule 45 of the Federal Rules of Civil Procedure, which governs subpoenas. Rule 45 requires that notice be given to all parties before a subpoena is served on a third party, allowing other parties the opportunity to object to the subpoena if necessary.

**Significance:**
This case highlights the importance of adhering to procedural rules during discovery. The preliminary injunction was granted to ensure that all parties are given fair notice and an opportunity to contest the production of documents, thereby protecting the integrity of the judicial process and the rights of all parties involved.

This ruling serves as a precedent and a cautionary example for parties engaged in federal litigation, emphasizing the necessity of following proper procedures when seeking third-party records.

**AFFIDAVIT**

I, John Thompson, hereby certify that the statements and allegations set forth in the accompanying memorandum are true and accurate to the best of my knowledge and belief.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent via USPS on July 22, 2024, to the counsel for the Defendant.

Respectfully submitted,

s/ John Thompson
John Thompson
2402 Pembroke Rd.
Hopkinsville, KY 42240
270-348-1958
jthompson@assuredmgmtservices.com