UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-CV-00066-BJB-LLK

**SECURA INSURANCE, A MUTUAL COMPANY,**            **PLAINTIFF**

**v.**

**JOHN THOMPSON,**            **DEFENDANT**

## ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of June 1, 2023, [DN 8]. Before the Court is Defendant/Counter-Claimant John Thompson's Motion to Quash, [DN 95].[1] Plaintiff/Counter-Defendant Secura Insurance has filed its Response, [DN 98], and Defendant has filed a Reply, [DN 99]. The matter being ripe for review and for the reasons that follow, the Court hereby **DENIES** Defendant's Motion to Quash, [DN 95].

Plaintiff filed a Notice of Intent to serve Subpoenas Deuces Tecum on United Southern Bank "pertaining to Defendant, John Thompson," on April 29, 2024. [DN 84]. As acknowledged by Defendant, *See* Reply, [DN 99], the subpoena commanded production of "all John Thompson and Travis Walters banking statements from 7/22/2022 to present including his checking accounts and savings accounts for [specific account numbers]." Notice of Intent, [DN 84]. Plaintiff sought those documents because Defendant attached "checks made payable from the accounts of Assured Management and Travis Walters as evidence of 'receipts and expenses of covered repairs.'" Response, [DN 98] at *2 n.1; Motion to Amend Resposne, [DN 35-1] at p. 4;

---

[1] This motion was initially submitted as a Motion for Preliminary Injunction. However, due to the subject matter at issue the Court has construed the motion as one to quash. *See* Text Order of July 23, 2024, [DN 100].

Exhibit [DN 35-2] at *58–65. Defendant first timely Objected to this Subpoena on May 6, 2024. [DN 85], arguing that the accounts were not relevant to this stage of the proceedings. The Court denied Defendant's Objections, explaining that "banking information reasonably bears upon, or could lead to other matters that could bear upon, issues likely to arise in this case." Order, [DN 89] at*3.

After the Court's Order, Plaintiff served United Southern Bank with its subpoena deuces tecum and subsequently provided Defendant with the resulting disclosures. Exhibit to Plaintiff's Response, [DN 98-1] (dated June 28, 2024). Defendant filed the instant Motion to Quash on July 8, 2024, [DN 95]. Notwithstanding the Court's original order denying his objections, Defendant now argues that the April 29 Subpoena was improper because Plaintiff violated Rule 45 of the Federal Rules of Civil Procedure by subpoenaing the bank records of Travis A. Walters without serving a copy of the subpoena "on each party before it [was] served on the person to whom it is directed." Motion, [DN 95].

Federal Rule of Civil Procedure 45 states in pertinent part:

If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4). Defendant believes that Plaintiff "must notify the party that controls that bank account" before issuing the subpoena. Reply, [DN 99]. This is wrong. The party that controls the bank account at issue is neither a party to this lawsuit nor the person to whom the subpoena is directed. The parties to this lawsuit are John Thompson and Secura Insurance. The subpoena is directed at United Southern Bank. By notifying Thompson of its intent to serve a subpoena before serving that subpoena on United Southern Bank, Secura satisfied the

requirements of Rule 45(a)(4). *See Martinez v. Litteral*, 2019 WL 13242665, at *2 (E.D. Ky. July 18, 2019) ("Defendants complied with [Rule 45] when they sent a letter and a copy of the subpoenas to the Plaintiff[.]").

Even if Plaintiff had failed to comply with Rule 45(a)(4), this Court would deny Defendant's motion because he suffers no prejudice. "The purpose of [the notice] provision is to provide an opposing party a chance to object to the subpoena." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011). Defendant has clearly been able to object to the subpoena, but chose to object on baseless procedural, rather than substantive, grounds. The Court may "move beyond the alleged violation of Rule 45(b) and look to the merits of the issue of whether the subpoenaed information is properly discoverable." *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *3 (S.D. Ohio Aug. 14, 2006). The Court has already ruled the subpoena seeks properly discoverable information. Order, [DN 89] at *3.

Defendant cites two cases to support his contentions. Reply, [DN 99]. Neither apply here. *United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997), addresses the Criminal Rules of Procedure, not Civil Rules of Procedure. Defendant's second case, *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2004 WL 2746842 (N.D. Cal. Nov. 10, 2004), cannot be found on Westlaw. *Google Inc.* appears to be a case in the Northern District of California, but the Court has been unable to locate the order referred to by Defendant.[2] Even as described by Defendant, *Google Inc.* would not apply because it dealt with failure to notify another party of a subpoena,

---

[2] The Court was unable to locate the ruling in question on Westlaw, or on the docket for the Northern District of California. Defendant is reminded that he has an obligation under the Federal Rules to take "necessary care" in preparing documents submitted to the court. *Cooter & Gell v. Hartmarx Corp.*, 469 U.S. 384, 398 (1990). Necessary care certainly includes confirming that all cases or orders cited to the Court exist. *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023) (sanctioning attorneys for filing motions written in part by ChatGPT which included non-existent cases).

not a third-party, and as the Court explained above Defendant has demonstrated ample notice of the subpoena. Reply, [DN 99], at *1–2.

Because Defendant's Motion to Quash is denied, it is improper for the Court to assess sanctions against Plaintiff or to strike any statements or evidence from the record as requested by Defendant. *See* Motion to Quash, [DN 95].

Furthermore, as other Courts in this Circuit have explained, any further motion objecting to Plaintiff's Noticed Subpoena to United Southern Bank or moving to quash the same would be untimely. *See In re FirstEnergy Corp. Securities Litigation*, No. 2:20-cv-03785-ALM-KAJ, 2024 WL 123470, at *3 (S.D. Ohio Jan. 11, 2024) (ruling objections untimely when filed more than 14 days after service of the subpoena). Generally, courts have found that failure to object "to a subpoena within the time specified by Rule 45 constitutes a waiver of such objections." *Anwalt Energy Holdings, LLC v. Falor Companies, Inc.*, No. 2:06-cv-0955, 2008 WL 2268316, at *1 (S.D. Ohio June 2, 2008) (collecting cases). Federal Rule of Civil Procedure 45(d)(2)(B) permits objections by a person "commanded to produce documents" only "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Plaintiff served the subpoena before June 28, 2024, Response, [DN 98] at *3, over a month ago. And in any event, United Southern Bank has complied with the subpoena. Response, [DN 98] at *3.

Accordingly, Defendant's Motion for Preliminary Injunction, interpreted as a Motion to Quash, [DN 95], is hereby **DENIED**.

August 21, 2024

Lanny King, Magistrate Judge
United States District Court

C: Counsel of record
   John Thompson, Pro Se Defendant - mail paper copy