UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-CV-00066-BJB-LLK

**SECURA INSURANCE, A MUTUAL COMPANY,**              **PLAINTIFF**

**v.**

**JOHN THOMPSON,**              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of June 1, 2023, [DN 8]. Before the Court is Plaintiff/Counter-Defendant Secura Insurance, A Mutual Company's ("Secura") September 27, 2024 Motion for Protective Order, Motion [DN 108], asking that it not be required to respond to certain Interrogatories, [DN 108-1], served by Defendant/Counter-Claimant John Thompson ("Thompson"). Thompson filed a response on October 10, 2024, Response [DN 110], and Secura replied on October 24, 2024, Reply [DN 112]. The matter being ripe for review, the Court hereby **GRANTS IN PART AND DENIES IN PART** Secura's Motion for Protective Order, [DN 108], for the reasons that follow.

## BACKGROUND

This matter arose from alleged damage to commercial property owned by Thompson. Complaint [DN 1] at 2. Other disputes from the claims process brought Secura and Thompson before the Court, which are now resolved. *See* Complaint [DN 1]; Text Order of February 14, 2024. Thompson thereafter brought three counterclaims arising from Secura's handling of his claims: (1) Breach of Contract, (2) Bad Faith, and (3) Unfair Claim Settlement Practices. [DN

1

30] at 1–2. On February 26, 2024, the Court ordered bifurcation of Thompson's breach-of-contract claims and a stay as to claims related to bad faith. [DN 62]. On or about July 25, 2024, Thompson served twenty-one interrogatories on Secura, [DN 108-1], and has since withdrawn or rescinded ten of those interrogatories, which Thompson concedes relate solely to bad faith. Response [DN 110] at 2. Secura contends that the remaining eleven interrogatories also either relate to bad faith or are otherwise unintelligible or improper. Reply [DN 112] at 3-4.

## ANALYSIS

**Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought[.]" *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). "The burden of establishing good cause for a protective order rests with the movant." *Id*. Allowing discovery into bad-faith claims that have been stayed, pending resolution of breach-of-contract claims, may result in undue burden or expense. *Sandusky v. Acuity*, No. 3:17-CV-516-DJH-CHL, 2018 WL 2054565, at *5 (W.D. Ky. May 2, 2018).

**Interrogatories**

As legal basis for the relevance of his interrogatories, Thompson states that the information he seeks is "crucial for evaluating whether SECURA complied with its contractual obligations, including timely processing of claims, proper handling of documentation, and adherence to policy terms." Response [DN 110] at 3. These grounds for relevance are almost entirely related to bad faith and provide no legal basis for compulsion. As an attempted cure-all to these improper requests, and partial acknowledgement thereof, Thompson advises the Court that "some interrogatories may inadvertently touch upon bad faith claims" and that he is "willing to amend or clarify these interrogatories to ensure they remain strictly within" the proper scope. *Id.* at 3-4.

As the party requesting production, Thompson has the initial burden of demonstrating relevance as to the information sought. *Brewer v. All. Coal, LLC*, No. 7:20-CV-00041-DLB-EBA, 2022 WL 5199868, at *2 (E.D. Ky. Oct. 5, 2022); *Burrell v. Duhon*, No. 5:18-CV-00141-TBR-LLK, 2019 WL 5260481, at *2 (W.D. Ky. Oct. 17, 2019). Thompson cannot request information that appears to relate to only bad faith, on its face and as articulated by Secura's Motion, and thereafter fail to clarify or explain how these requests relate to his breach-of-contract claims. *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee's Note to 2015 Amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.")

Since Thompson has already withdrawn Interrogatory Nos. 1, 2, 5, 12, 13, 15, 16, 19, 20, and 21, the Court will address the remaining interrogatories in turn.

- **Interrogatory No. 3** "Please admit after both Victor Byndum and John Thompson notified Tony Rogers that the completion of the repairs to 123 W. 7th St., Hopkinsville,

3

KY was impossible by the end of November 2022 due to delays by Secura Insurance, that Secura Insurance cut off John Thompson's compensation for rental losses as covered under his policy with Secura Insurance? Yes or no?"

Secura objects to this interrogatory, in part, due its inability to ascertain the nature of the request. The Court will allow Thompson an opportunity to revise and clarify this interrogatory. Thompson's revised interrogatory should be properly limited to the breach-of-contract claims that are currently at issue in this dispute or should not be revised at all.

- **Interrogatory No. 4** "Please admit Secura Insurance rejected John Thompson's sworn statement under oath because he acquired the figures written on it from his contractor over the repairs for 123 W 7th Street Hopkinsville, KY. Yes or no?"

Secura objects to this interrogatory, in part, due to having already provided requested information to Thompson. Reply [DN 112] at 4. The Court will allow Thompson an opportunity to revise and clarify this interrogatory. Thompson's revised interrogatory should be properly limited to the breach-of-contract claims that are currently at issue in this dispute, and should specifically request information that has not already been provided, or should not be revised at all.

- **Interrogatory No. 6** "Please admit that Secura Insurance breached its contract with John Thompson. Yes or no?"

Secura objects to this request as being improper but answers in the negative. Reply [DN 112] at 4. The Court finds the dispute over Interrogatory No. 6 to have been resolved and denies Secura's request for a protective order on these grounds as moot.

- **Interrogatory Nos. 7 – 9** These purported "interrogatories" ask Secura to "provide transcripts, call recordings, notes," or other forms of communication, internal to Secura or between Secura and third-parties, regarding his claim.

Secura objects to these interrogatories on relevance grounds, as relating to its investigation and handling of Thompson's claim. Reply [DN 112] at 4. Thompson has provided the Court with no information, legal authority, or basis to find otherwise, and the Court is unable to find any information or basis on the record which shows how these interrogatories relate to his breach-of-contract claims. The Court accordingly GRANTS Secura's Motion as to these interrogatories.

- **Interrogatory No. 10** "Please provide the names of all email providers, server hosts, phone providers (cell phone and office phone), internet providers, and/or any other company that hosts, and/or keeps data for Secura Insurance from June 28, 2022 until present."

Secura objects to this interrogatory on relevance grounds. Reply [DN 112] at 4. Thompson has provided the Court with no information, legal authority, or basis to find that the request pertains to discoverable information, and the Court is unable to find any information or basis on the record which shows how this interrogatory relates to his breach-of-contract claims. The Court accordingly GRANTS Secura's Motion as to this interrogatory.

- **Interrogatory No. 11** "Please provide a list of all vendors that ceased doing business with Secura Insurance between June 28, 2022, and the present."

Secura objects to this interrogatory on relevance grounds. Thompson has provided the Court with no information, legal authority, or basis to find that the request pertains to discoverable information, and the Court is unable to find any information or basis on the record

which shows how this interrogatory relates to his breach-of-contract claims. The Court accordingly GRANTS Secura's Motion as to this interrogatory.

- **Interrogatory No. 17** "Please provide ANY other information you have in regards to this case that has not been already produced."

Secura objects to this interrogatory as being overly broad. Reply [DN 112] at 4. The Court agrees, and accordingly GRANTS Secura's Motion as to this interrogatory. The Court has stayed all discovery relating to Thompson's bad faith claims, [DN 62], and Thompson's requests must be restricted to only the breach-of-contract claims currently in dispute.

- **Interrogatory No. 18** "Do you continue to assert that John Thompson was not covered for property such as furniture and did not pay for such services? Yes or no?"

Secura states that this interrogatory goes to "the issue of Thompson's breach-of-contract claims as to whether there is coverage under the Policy." Reply [DN 112] at 4. The Court finds that this request is relevant to the issues currently in dispute.

## CONCLUSION

Accordingly, Secura's Motion for Protective Order, Motion [DN 108], is hereby **GRANTED IN PART AND DENIED IN PART**, consistent with the above. Thompson shall be allowed an opportunity to amend Interrogatory Nos. 3 and 4, and Secura shall provide a response to Interrogatory No. 18. Secura shall not be required to provide responses to the remaining interrogatories while discovery on Thompson's bad faith claims is stayed.

November 27, 2024

Lanny King, Magistrate Judge
United States District Court

6

C: Counsel of Record
John Thompson - mail paper copy to 2402 Pembroke Rd., Hopkinsville, KY 42240